1
2
3          UNITED STATES DISTRICT COURT
4          EASTERN DISTRICT OF WASHINGTON
5

6  JOSEPH BLIESSNER,                          No. 2:14-CV-0323-JTR
7
          Plaintiff,                          ORDER GRANTING
8                                             DEFENDANT'S MOTION FOR
                                              SUMMARY JUDGMENT
9              v.

10 CAROLYN W. COLVIN,
11 Commissioner of Social Security,

12
          Defendant.
13

14      **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF
15 Nos. 14, 18.  Attorney Christopher H. Dellert represents Joseph Bliessner
16 (Plaintiff); Special Assistant United States Attorney Benjamin J. Groebner
17 represents the Commissioner of Social Security (Defendant).  The parties have
18 consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the
19 administrative record and the briefs filed by the parties, the Court **GRANTS**
20 Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for
21 Summary Judgment.

22                          **JURISDICTION**
23      Plaintiff filed applications for Disability Insurance Benefits (DIB) and
24 Supplemental Security Income (SSI) on November 29, 2010, alleging disability
25 beginning February 1, 2009.  Tr. 206-18.  The applications were denied initially
26 and upon reconsideration.  Tr. 150-53, 156-57.  Administrative Law Judge (ALJ)
27 R.J. Payne held a hearing on March 26, 2012, at which Plaintiff (appearing without
28 counsel) testified, as did consulting physician William Spence, M.D., and

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

psychologist Margaret Moore, Ph.D.  Tr. 49-97.  The ALJ issued an unfavorable decision on October 26, 2012.  Tr. 25-42.  The Appeals Council denied review.  Tr. 1-4.  The ALJ's October 2012 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on October 1, 2014.  ECF No. 1, 3.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 33 years old at the time he filed his DIB and SSI applications.  Tr. 43.  Plaintiff graduated from high school and worked for a number of years as a kitchen steward at an assisted living facility and as a dishwasher at a retirement home.  Tr. 83, 88.

At the administrative hearing, Plaintiff stated that he can't work because of his depression.  Tr. 85.  Plaintiff also complained of severe allergies, acid reflux and mild kyphosis, and migraine headaches.  Tr. 257.  Plaintiff stated that he has a hard time coping with stress, Tr. 257, and has problems understanding instructions, Tr. 262.

Plaintiff reported that he spent most of his time helping his mother with chores around the house, surfing the internet, watching about one hour of television a day, and taking his dog outside.  Tr. 89-92, 258-61.  Plaintiff also stated that he played pool with a friend about once a month, but has no other social activities other than group treatment at Spokane Mental Health.  Tr. 93.

Plaintiff has a history of regular alcohol use starting when he was 17 years old.  Tr. 531.  At the March 2012 hearing, Plaintiff reported that he stopped drinking alcohol in January 2012 and had completed thirty days of treatment just prior to the hearing.  Tr. 72.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon claimants to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once claimants establish that physical or mental impairments prevent

them from engaging in their previous occupations.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If claimants cannot do their past relevant work (PRW), the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimants can make an adjustment to other work, and (2) specific jobs exist in the national economy which claimants can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If claimants cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(i-v), 416.920(a)(4)(i-v).

### ADMINISTRATIVE DECISION

On October 26, 2012, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Preliminary, for purposes of Plaintiff's DIB application, the ALJ found that Plaintiff met the insured requirements through June 30, 2014.  Tr. 31.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 1, 2009, the alleged onset date.  Tr. 31.

At step two, the ALJ determined Plaintiff had the following severe impairments: alcohol dependence with recent sobriety; borderline intellectual functioning; learning disorder; major depressive disorder with psychotic features; personality disorder not otherwise specified; mild degenerative disk disease of the lumbar spine; gastroesophageal reflux disease; irritable bowel syndrome; hiatal hernia; and seasonal allergies.  Tr. 31.

At step three, the ALJ found Plaintiff's impairments met Listings 12.02, 12.04, 12.05, 12.08, and 12.09 when his substance abuse disorders were considered.  Tr. 36.  Absent Plaintiff's substance abuse, the ALJ still found Plaintiff's impairments severe, but when considered singly or in combination, they did not meet the listings.  Tr. 37.  The ALJ assessed Plaintiff's residual function capacity (RFC) and determined that, if he stopped the substance abuse, he would have the ability to perform medium work

that does not involve more than concentrated exposure to noise, vibration, fumes, odor, dusts, gases, poor ventilation, and hazards (machinery, heights). He would have moderate limitations in the ability to understand and remember detailed instructions, but only mild limitations in the ability to carry out detailed instructions. He would have moderate limitations in the ability to maintain attention and concentration for extended periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and set realistic goals or make plans independently of others. He would have mild to moderate limitations in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

Tr. 38-39.

At step four, the ALJ found Plaintiff could perform his PRW as a kitchen helper and dining room attendant if he stopped his substance abuse. Tr. 41. The ALJ further concluded that Plaintiff's substance abuse was a contributing factor material to disability; thus, he was not disabled at any time from his alleged onset date through the date of the decision. Tr. 41. Without proceeding to step five, the ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. Tr. 41.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by failing to (1) accord adequate weight to the opinions of Plaintiff's examining psychologist, (2) account for all of Plaintiff's limitations in the ALJ's RFC determination, and (3) solicit the opinion of a vocational expert (VE).

## DISCUSSION

### A.    ALJ's Evaluation of Medical Sources

Plaintiff argues the ALJ erred by giving little weight to the opinions of

1   examining psychologist Debra Brown, Ph.D.  ECF No. 14 at 9-14.

2       "In making a determination of disability, the ALJ must develop the record

3   and interpret the medical evidence."  *Howard ex. rel. Wolff v. Barhart*, 341 F.3d

4   1006, 1012 (9th Cir. 2003).  In weighing medical source opinions, the ALJ should

5   distinguish between three different types of physicians: (1) treating physicians,

6   who actually treat the claimant; (2) examining physicians, who examine but do not

7   treat the claimant; and, (3) nonexamining physicians who neither treat nor examine

8   the claimant.  *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the

9   opinion of a treating physician than to the opinion of an examining physician.  *Orn

10  v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ should give more weight to

11  the opinion of an examining physician than to the opinion of a nonexamining

12  physician. *Id.*

13      When a physician's opinion is not contradicted by another physician, the

14  ALJ may reject the opinion only for "clear and convincing" reasons.  *Baxter v.*

15  *Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a physician's opinion is

16  contradicted by another physician, the ALJ is only required to provide "specific

17  and legitimate reasons" for rejecting the opinion of the first physician.  *Murray v.*

18  *Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

19      In this case, the opinions of examining psychologist John McRae, Ph.D., and

20  medical expert Margaret Moore, Ph.D., are inconsistent with the opinions of Dr.

21  Brown.  Therefore, the ALJ was only required to provide specific and legitimate

22  reasons for rejecting Dr. Brown's opinion.

23      Plaintiff first presented to Dr. Brown for a psychiatric evaluation on July 30,

24  2009.  Tr. 502-10.  Dr. Brown diagnosed Plaintiff with recurrent major depression,

25  moderate, without psychotic features, and borderline IQ.  Tr. 505.  On account of

26  Plaintiff's impairments, Dr. Brown assessed Plaintiff with mostly moderate

27  cognitive and social functional limitations, and concluded that Plaintiff was

28  capable of "[u]nskilled labor with employer understanding of cognitive

1  limitations." Tr. 506. Dr. Brown noted that Plaintiff's PAI test scores were

2  invalid. Tr. 509.

3      Plaintiff presented to Dr. Brown for a second psychiatric evaluation on

4  January 28, 2010. Tr. 494-501. Dr. Brown diagnosed Plaintiff with recurrent

5  major depression, severe without psychosis; social phobia; cognitive disorder

6  NOS; and, borderline IQ. Tr. 496. Dr. Brown found that Plaintiff's borderline IQ

7  would cause mild and moderate limitations in Plaintiff's cognitive abilities in the

8  workplace. Tr. 497. Dr. Brown further found that Plaintiff's depression and social

9  phobia impairments would cause mostly marked limitations on Plaintiff's ability to

10 function socially. Tr. 497. In Dr. Brown's medical source statement, she

11 concluded that Plaintiff was capable of doing "[n]othing." Tr. 497. Dr. Brown

12 noted Plaintiff's PAI test scores resulted in an invalid profile, but that his profile

13 was consistent with his symptoms. Tr. 500.

14     The ALJ gave little weight to Dr. Brown's opinions. Tr. 41. The ALJ

15 reasoned (1) some of Plaintiff's test scores were invalid and indicative of

16 malingering and his test scores from the first evaluation were inconsistent with his

17 scores from the second evaluation; (2) Dr. Brown did not take into account

18 Plaintiff's regular alcohol use; and, (3) Dr. Brown's assessment of moderate and

19 marked limitations were inconsistent with the medical evidence, including the

20 opinions of the medical experts and "State agency medical consultants." Tr. 41.

21     The ALJ provided specific and legitimate reasons for giving little weight to

22 Dr. Brown's opinions.

23     Regarding the ALJ's first reason, the ALJ properly cited to Plaintiff's

24 invalid test scores, suggesting possible malingering, as a reason for giving less

25 weight to Dr. Brown's opinions. *See Thomas v. Barnhart*, 278 F.3d 947, 957-59

26 (9th Cir. 2002) (ALJ may reject a medical opinion that is "inadequately supported

27 by clinical findings" and may consider a claimant's failure "to give maximum or

28 consistent effort during . . . evaluations). The ALJ's observation that Dr. Brown's

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

two mental status exams were inconsistent, however, is not a specific and legitimate reason.  Five months passed between the two examinations and it is possible that Plaintiff's condition changed in that time.  Furthermore, the ALJ did not cite to specific inconsistencies that would undermine Dr. Brown's diagnoses and assessments.  This error is harmless, however, because the ALJ provided additional specific and legitimate reasons for giving little weight to Dr. Brown's opinions as discussed *infra*.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

The ALJ's second reason for giving little weight to Dr. Brown's opinions, i.e., Dr. Brown failed to account for Plaintiff's alcohol use, is a specific and legitimate reason.  Plaintiff's alcohol use is central to the ALJ's determination of non-disability as the ALJ found that Plaintiff's alcohol use was a contributing factor material to his disability.  In such a cases, the Social Security Act bars payment of benefits.  42 U.S.C. §§ 423(d)(2)(C) & 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).  In both evaluations, Dr. Brown indicates that Plaintiff had no current or recent alcohol use.  Tr. 496, 505.  But as set forth by the ALJ, Plaintiff's alcohol use was well documented during this time.  *See* Tr. 32-34 (ALJ observing that Dr. McRae noted that Plaintiff admitted drinking alcohol into May 2009 (just two months prior to Dr. Brown's first evaluation of Plaintiff) and Plaintiff's mental health treatment notes indicate that he continued to consume alcohol throughout 2010 and 2011 (contemporaneous to Dr. Brown's second evaluation)).  The fact that Dr. Brown did not take into account, or even mention, the critical issue of Plaintiff's alcohol use casts doubt on her diagnoses and assessments of Plaintiff's functional limitations.  *See Struck v. Astrue*, 2010 WL 1734855, at *6 (E.D. Wash. 2010) (noting that, in a case similar to the case at bar, "the only relevant issue is the materiality of [drug addiction and alcoholism]").  Dr. Brown's failure to consider Plaintiff's alcohol use is a specific and legitimate

reason for giving the opinion little weight.

The ALJ's third reason for giving little weight to Dr. Brown's opinions, i.e., inconsistent with the medical evidence, was proper.  As pointed out by the ALJ, State agency psychologists Andrew Forsyth, Ph.D., and Edward Beaty, Ph.D., reviewed Plaintiff's medical records and found Plaintiff's impairments were mostly not significantly limiting and only moderately limiting in some areas of mental functioning.  *See* Tr. 112-23, 126-49.  Margaret Moore, Ph.D., the consulting psychiatric expert, also assessed moderate and mild functional limitations absent Plaintiff's alcohol use.  Tr. 868.  Although the opinions of these nonexamining psychologists standing alone do not constitute substantial evidence to support a finding of non-disability, the ALJ may rely on the opinions when they are consistent with other evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  The opinions of these reviewing sources are largely consistent with the opinions of examining psychologist John McRae, Ph.D.  Tr. 337-41.  In a May 2009 psychological evaluation, Dr. McRae concluded that if Plaintiff continued to take medication, he would "get back to more stable functioning."  Tr. 340-41.  Dr. McRae opined that a job "may be beneficial to [Plaintiff]" although Plaintiff would require "a fair amount of structure."  Tr. 340-41.  Given that the opinions of the reviewing sources and Dr. McRae are largely consistent with each other, and contrary to the opinions of Dr. Brown, the ALJ did not err in reasoning that the medical evidence was inconsistent with Dr. Brown's opinions.

In conclusion, the ALJ provided specific and legitimate reasons for giving little weight to Dr. Brown's opinions and any error was harmless.

**B.    RFC Assessment**

Plaintiff argues that the ALJ's RFC assessment does not account for all of Plaintiff's functional limitations, particularly his social limitations, and that the ALJ erred by not soliciting the testimony of a VE before determining that Plaintiff

could perform his PRW.  ECF No. 14 at 6-9.

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.").  In formulating a RFC, the ALJ weighs medical evidence and also considers the claimant's credibility and ability to perform daily activities.  *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

In this case, the ALJ determined Plaintiff had the ability to perform medium work

> that does not involve more than concentrated exposure to noise, vibration, fumes, odor, dusts, gases, poor ventilation, and hazards (machinery, heights).  He would have moderate limitations in the ability to understand and remember detailed instructions, but only mild limitations in the ability to carry out detailed instructions.  He would have moderate limitations in the ability to maintain attention and concentration for extended periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and set realistic goals or make plans independently of others.  He would have mild to moderate limitations in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

Tr. 38-39.  Without soliciting testimony from a VE, the ALJ concluded that Plaintiff could perform his PRW as a kitchen helper or dining room attendant.  Tr. 41.

Plaintiff first argues that the ALJ erred in formulating Plaintiff's RFC by not taking into account Plaintiff's marked social limitations assessed by Dr. Brown. But as discussed *supra*, the Court finds that the ALJ did not err in giving little weight to Dr. Brown's opinions.  The ALJ is not required to incorporate evidence

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

from the opinions of medical sources that were permissibly discounted. *Batson*, 359 F.3d at 1197. Thus, the Court finds that the ALJ's RFC is supported by substantial evidence and not based on legal error.

Plaintiff also argues that the ALJ erred in finding Plaintiff capable of performing PRW as a kitchen helper and dining room attendant without soliciting an opinion from a VE. Plaintiff alleges that working as a kitchen helper requires constant exposure to fumes odors, dust, gases, or poor ventilation. ECF No. 14 at 7.

Claimants have the burden of proving they can no longer perform PRW. 20 C.F.R. §§ 404.1512(a), 404.1520(f), 416.912(a), 416.920(f). An ALJ's determination that a claimant can perform PRW need not be supported by the testimony of a VE. *See* 20 C.F.R. § 404.1560(b)(2) ("[The Commissioner] *may* use the services of [VEs] or vocational specialists . . . to obtain evidence we need to help [it] determine whether [claimants] can do [their] past relevant work, given [their] residual functional capacity.") (emphasis added); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (holding that the ALJ's determination that the claimant could perform PRW made it unnecessary for the ALJ to call a VE at step five); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (holding that because the claimant "failed to show that he was unable to return to his previous job . . . the burden of proof remained with [the claimant]" and "[t]he [VE's] testimony was thus useful, but not required").

The Court concluded *supra* that the ALJ did not err in evaluating the medical evidence and in formulating Plaintiff's RFC. Given that the ALJ's decision through step four is supported by substantial evidence and not based on legal error, and Plaintiff makes no showing that he cannot perform his PRW, the ALJ was not required to solicit the testimony of a VE. *See Matthews*, 10 F.3d at 681; *Crane*, 76 F.3d at 255. The ALJ properly relied on the Dictionary of Occupational Titles (DOT) to conclude that Plaintiff could perform his PRW. *See*

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

*Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) ("[T]he best source for how a job is generally performed is usually the [DOT].").  A comparison of Plaintiff's RFC to the demands required of a kitchen helper or dining room attendant as listed in the DOT reveal that a person with Plaintiff's RFC should be able to work as a kitchen helper or dining room attendant.  *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* 318.687-010 *available at* 1991 WL 672755 (kitchen helper); 311.677-018 *available at* 1991 WL 672696 (dining room attendant).

The ALJ did not err in formulating Plaintiff's RFC, in not soliciting the opinion of a VE, or by relying on the DOT to conclude that Plaintiff could perform PRW.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and not based on legal error. Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED May 4, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 12